James B. THOMPSON and Eleanor Thompson, Appellants (Plaintiffs Below),

v.

GENIS BUILDING CORPORATION and Great American Insurance Co., Appellees (Defendants Below).

No. 3–177A27.

Court of Appeals of Indiana, Third District.

Sept. 24, 1979.

William H. Von Willer, Gary, for appellants.

James J. Nagy, Eichhorn, Morrow & Eichhorn, Hammond, for appellees.

HOFFMAN, Judge.

This case was instituted by plaintiffs-appellants James and Eleanor Thompson to recover for damage to their dwelling and the contents situated therein by reason of the failure of a sewer line cap which allowed water and sewage to flow directly into their basement. In their complaint, the Thompsons alleged that the Genis Building Corporation had breached its implied warranty of fitness for habitation and was negligent in constructing the dwelling. They also included a cause of action against defendant-appellee Great American Insurance Company based upon a homeowner's insurance policy. After the pleadings were closed, the trial court granted Great American's motion for judgment on the pleadings and it is from this determination that the Thompsons appeal.

■ A party moving for judgment on the pleadings admits, for the purposes of the motion, all facts well pleaded and the untruth of his own allegations which have been denied. All reasonable intendments and inferences are to be taken against the movant. Where the facts shown by the pleadings clearly entitle a party to judgment, a motion for judgment on the pleadings is appropriate. However, the motion will be overruled if the pleadings present material issues of fact. 1 Harvey, Indiana Practice § 12.3 at 609 (1969); 23 I.L.E. *Pleading and Pre-Trial Practice* § 107 (1970). For purposes of the motion, therefore, Great American conceded that water and sewage flowed directly into the basement of the Thompsons' home as a result of the failure of a cap on a sewer line.

The Thompsons contend this loss is indemnified by paragraph 15 of the policy under the heading "Perils Insured Against" which covers:

"15. Accidental discharge, leakage or overflow of water or steam from within a plumbing, heating or air conditioning system or from within a domestic appliance but excluding loss to the appliance from which the water or steam escapes. This peril does not include loss caused by or resulting from freezing."

Great American asserts this paragraph is inapplicable and that under the "Additional Exclusions" provision of its policy, it is not liable for any damages insured against in paragraph 15 where such damages are caused by water which backs up through sewers or drains. The relevant exclusionary language reads as follows:

"This policy does not insure against loss;

"Under Coverages A, B and C (and under Coverage D—Additional Living Expense resulting from such loss):

1. caused by, resulting from, contributed to or aggravated by any of the following:

    a. flood, surface water, waves, tidal water or tidal waves, overflow of streams or other bodies of water, or spray from any of the foregoing, all whether driven by wind or not;

    b. *water which backs up through sewers or drains;* or

    c. water below the surface of the ground including that which exerts pressure on or flows, seeps or leaks through sidewalks, driveways, foundations, walls, basement or other floors or through doors, windows or any other openings in such sidewalks, driveways, foundations, walls, or floors; . . ." (Emphasis added.)

To support their contention that the loss was covered by the policy, the Thompsons claim an ordinary person would understand the words "plumbing system" to include sewer lines. Great American disagrees, arguing that a sewer line has no connection with the plumbing system. Words of an insurance policy should be given their popular and ordinary meaning. *O'Meara v. American States Ins. Co.* (1971), 148 Ind.App. 563, 268 N.E.2d 109. Only one case has been found which discusses this precise point. In *Cantanucci v. Reliance Insurance Company* (1973), 43 A.D.2d 622, 349 N.Y.S.2d 187, it was held that where a sewer line pipe buried below the insureds' foundation wall was the primary outlet for the insureds' waste pipe, the sewer pipe was within the plumbing system for purposes of a policy covering accidental discharge of water within a plumbing system. Thus, it cannot be said as a matter of law that a sewer line is not under any circumstances a part of a plumbing system. Whether the sewer line in the case at bar was within the Thompsons' plumbing system is a material issue of fact which must be resolved by further developments in the trial court.

The main source of this litigation, however, flows from the trial court's interpretation of the exclusion. The Thompsons assert that the words "back up" in ordinary parlance connotes a reversal of flow from the normal direction. Insofar as they alleged a direct flow in their complaint, the exclusion should be held inapplicable. Great American, on the other hand, maintains that the exclusion applies only to damage caused by water which originates outside the dwelling and backs up, entering the home without the owner's consent through sewers or drains. Since the Thompsons did not purposely allow the water and sewage into their basement, the exclusion should bar any recovery under the policy.

In *Carolina Mills Dist. Co. v. World Fire & Marine Ins. Co.* (W.D.Mo.1947), 75 F.Supp. 606, modified, 169 F.2d 826 (8th Cir. 1948), the court interpreted the words "backing up of sewers or drains" to signify

"the filling of the sewers or drains until the water would overflow at the drainage point where it is received into the drain. Every one is familiar with drains on premises, both in basements and in the sanitary equipments. These are frequently caused to overflow when the drains are clogged or closed, and the water backs up and floods the adjacent areas. Any damage that might be caused either directly or indirectly by such overflow, whether from floods, surface water, or water from the drains or sewers or from tides, would exempt the defendant from liability.

This interpretation is reinforced by the language of the insuring clause, which, in addition to the accidental discharge or leakage of drains, covers, in case of 'overflow of water' from the plumbing system. This interpretation is consonant with the language of the exception which undertook to relieve the defendant from liability in cases of overflow, whether by floods, by inundation, by backing up of sewers or drains, or by the influx of tide water, rising or surface waters."

75 F.Supp. at 608.

And in *Aetna Fire Underwriters Ins. Co. v. Crawley* (1974), 132 Ga.App. 181, 207 S.E.2d 666, the court said:

> "If my immediate drain pipe is clogged by grease, or the sewer line leading from my house is choked with roots, so that water discharged from my house is not properly carried away, the exclusion may well apply."
>
> 207 S.E.2d at 668.

Moreover, the plain and ordinary meaning of "backing up" is "to rise and overflow backward—of water accumulating when checked." Webster's New International Dictionary 199 (2nd ed. 1942).

It is apparent that the factual basis of the Thompsons' complaint is not predicated on a "backing up" of water and sewage within the ordinary meaning of those words but instead on a direct flow from the sewer line into their basement. In ruling on a motion for judgment on the pleadings, the exclusion was no bar to the Thompsons' cause of action.

Judgment reversed and remanded with instructions to proceed in a manner consistent with this opinion.

Reversed and remanded.

GARRARD, P. J., and STATON, J., concur.