Christina L. WILLIAMS, Petitioner,

v.

**INDIANA DEPARTMENT OF STATE REVENUE, Respondent.**

No. 49T10–0006–TA–79.

Tax Court of Indiana.

Feb. 8, 2001.

Christina L. Williams, Okemos, MI, Petitioner Appearing pro se.

Steve Carter, Attorney General of Indiana, Indianapolis, Karen L. Hsu, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

FISHER, J.

Christina L. Williams challenges the Indiana Department of State Revenue's (Department) final determination that she is not entitled to a refund of Indiana gross retail (sales) tax that she paid when she purchased an automobile in Indiana. The sole issue for this Court's consideration is whether pursuant to IND.CODE ANN. Section 6–2.5–3–5 Williams is entitled to a refund of the gross retail tax that she paid on the automobile that she purchased in Indiana. For the reasons stated below, the Court finds for the Department.

## FACTS AND PROCEDURAL HISTORY

On November 27, 1998, Williams, an Indiana resident, purchased an automobile

in Indiana. At the time of purchase, she paid $539.85 in Indiana gross retail tax. Williams thereafter lost the original title to the automobile and requested a duplicate from the dealer, Enterprise Rent–A–Car. In March of 1999, Williams moved to Michigan. In May of 1999, she received a duplicate title for the automobile, titled and registered the automobile in Michigan, and paid $719.82 in Michigan use tax. Williams never titled or registered her automobile with the Indiana Bureau of Motor Vehicles (BMV).

After titling her automobile in Michigan, Williams filed a claim for refund with the Department claiming that she "twice had to pay sales and use tax on the vehicle: once in Indiana, and again in Michigan." (Pet'r Br. at 3.) On March 31, 2000, the Department denied Williams' claim. On June 28, 2000, Williams filed a petition to set aside the Department's final determination with this Court. On August 30, 2000, the Department filed a motion to dismiss stating that Williams' complaint failed to state a claim upon which relief could be granted because Williams failed to provide legal authority or argument to support her claim.[1] This Court held a hearing on the motion on November 16, 2000. On that same day, Williams filed a brief in support of granting summary judgment in her favor.[2]

## ANALYSIS AND OPINION

### Standard of Review

■ This Court reviews the Department's final determinations de novo and is not bound by either the evidence present-ed or the issues raised at the administrative level. IND.CODE ANN. § 6–8.1–9–1(d) (West 2000); *Hunt Corp. v. Department of State Revenue,* 709 N.E.2d 766, 768 (Ind. Tax Ct.1999). Summary judgment is only appropriate where no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Snyder v. Indiana Dep't of State Revenue,* 723 N.E.2d 487, 488 (Ind.Tax Ct.2000), *review denied.* Cross motions for summary judgment do not alter this standard. *Hyatt Corp. v. Department of State Revenue,* 695 N.E.2d 1051, 1053 (Ind.Tax Ct.1998), *review denied.*

### Discussion

The sole issue for this Court's consideration is whether pursuant to I.C. § 6–2.5–3–5 Williams is entitled to a refund of the gross retail tax that she paid on the automobile that she purchased in Indiana. Although Williams has provided this Court with exhibits as evidence, the Department has only provided its brief in support of its motion. Neither party disputes the material facts. Because there is no material issue of fact, this Court will determine whether the Department is entitled to judgment as a matter of law.

The gross retail tax at issue in this case is set forth in IND.CODE ANN. § 6–2.5–2–1 as follows:

(a) An excise tax, known as the state gross retail tax, is imposed on retail transactions made in Indiana.

(b) The person who acquires property in a retail transaction is liable for the tax

---

1. The Department filed a motion to dismiss pursuant to Ind. Trial Rule 12(B)(6). Along with Williams' petition to set aside the Department's final determination and her brief responding to the Department's motion, Williams filed exhibits. If on a motion to "dismiss for failure of the pleading to state a claim upon which relief can be granted, *matters outside the pleading are presented to* and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Ind.Trial Rule 12(B) (emphasis added). Because this

Court has not excluded the exhibits, the motion at issue here will be treated as a motion for summary judgment. *See id.*

2. The Court will treat Williams's motion as a cross-motion for summary judgment. *See Hunt Corp. v. Department of State Revenue,* 709 N.E.2d 766, 767–68 n. 5 (Ind.Tax Ct.1999) (stating that under Trial Rule 56(B) a court may grant summary judgment to the non-moving party).

on the transaction and, except as otherwise provided in this chapter, shall pay the tax to the retail merchant as a separate added amount to the consideration in the transaction. The retail merchant shall collect the tax as agent for the state.

The credit that Williams seeks is set forth in I.C. § 6–2.5–3–5 which provides as follows:

(a) A person is entitled to a credit against the *use tax* imposed on the use, storage, or consumption of a particular item of tangible personal property equal to the amount, if any, of sales tax, purchase tax, or use tax paid to another state, territory, or possession of the United States for the acquisition of that property.

(b) The credit provided under subsection (a) does not apply to the use tax imposed on the use, storage, or consumption of vehicles, watercraft, or aircraft that are *required to be titled, registered, or licensed by Indiana.*

(emphasis added).

■ First, this Court will address whether Williams' claim is within the ambit of I.C. § 6–2.–3–5(a). The words of statutes are given their plain, ordinary, and usual meaning unless the legislative intent reveals a contrary purpose. *Maurer v. Indiana Dep't of State Revenue*, 607 N.E.2d 985, 987 (Ind.Tax Ct.1993). Here, Williams paid the gross retail tax on the purchase of her automobile in Indiana. The plain language of I.C. § 6–2.5–3–5(a) provides that the credit is available against the use tax. *See* I.C. 6–2.5–3–2 (defining the use tax). The gross retail tax is not mentioned in this statute. In fact, the gross retail tax is set forth in chapter 2 while the use tax is set forth in chapter 3. Therefore, this Court concludes that I.C. § 6–2.5–3–5(a) is not applicable to

Williams as that statute provides only for credit against the payment of use tax. *See Maurer*, 607 N.E.2d at 987.

■ Even assuming arguendo that I.C. § 6–2.5–3–5(a) did apply to Williams, she does not meet the requirements of I.C. § 6–2.5–3–5(b). The credit in I.C. § 6–2.5–3–5(a) is not applicable when a vehicle is required to be titled, registered or licensed by Indiana. I.C. § 6–2.5–3–5(b). Indiana law states that "any person who purchases or otherwise acquires a new or used motor vehicle ... must apply for a certificate of title in the purchaser's or transferee's name." IND.ADMIN.CODE tit. 140, r. 6–1–2 (1996). *See also* Indiana Bureau of Motor Vehicles Title Requirements §§ 1.1, 1.3, 1.4, 1.16, *at* http: www. state.in.us /bmv/titles/titlereq. html (last visited Feb. 8, 2001) (providing that Indiana residents must title their newly acquired vehicles no later than thirty-one days from the date of purchase); IND.CODE ANN. §§ 9–17–2–1 and 9–18–2–1 (requiring that within sixty days new residents must register and title all vehicles owned by the resident that are subject to the motor vehicle excise tax and that will be operated in Indiana). Clearly, Williams was required by Indiana law to title her automobile in Indiana because she was an Indiana resident when she purchased the automobile. Regardless of her reasons for not doing so,[3] she did not title the automobile in Indiana as required by law. As noted above, I.C. § 6–2.5–3–5(b) provides that vehicles that are required to be titled in Indiana are not entitled to a credit pursuant to I.C. § 6–2.5–3–5(a). Consequently, Williams is not entitled to a credit pursuant to I.C. § 6–2.5–3–5(a) against the tax that she paid on the purchase of her automobile in Indiana.

## CONCLUSION

Pursuant to I.C. § 6–2.5–2–1, Williams was liable for the gross retail tax that she

---

**3.** Williams asserts that she did not title the automobile in Indiana because she was unable to go to the BMV to title it due to her demanding work schedule and because the BMV would not allow her husband to title it.

In addition, she asserts that she lost the original title and was unable to procure a duplicate title through the dealer where she purchased the automobile until after she had moved to Michigan in May of 1999.

paid on the purchase of her vehicle. Williams has not provided this Court with nor can the Court find any authority demonstrating that she is not liable for the gross retail tax. Therefore, the Department is entitled to judgment as a matter of law. Consequently, this Court AFFIRMS the final determination by the Department that Williams is not entitled to a refund of the Indiana gross retail tax that she paid. For the foregoing reasons, the Court GRANTS the Department's motion for summary judgment and DENIES Williams' cross motion for summary judgment.