**Bradley J. RHOADE, Petitioner,**

v.

**INDIANA DEPARTMENT OF STATE REVENUE, Respondent.**

**No. 49T10–9902–TA–6.**

Tax Court of Indiana.

Sept. 6, 2002.

---

Randall J. Kaltenmark, Larry J. Stroble, Barnes & Thornburg, Indianapolis, IN, Attorneys for Petitioner.

Steve Carter, Attorney General of Indiana, Laureanne Nordstrom, Deputy Attorney General, Indianapolis, IN, Attorneys for the Respondent.

FISHER, J.

Bradley J. Rhoade appeals the December 29, 1998 order of the Indiana Department of State Revenue (Department) that denied his claim for a refund of Indiana's use tax in the amount of $878.27. This matter is before the Court on Rhoade's motion for summary judgment and the Department's motion for judgment on the pleadings. The parties raise various issues, which the Court restates as:

I.    Whether Rhoade is exempt from paying Indiana's use tax because he already paid Florida's sales tax on the purchase price of his vehicle; and

II.   Whether imposition of the Indiana use tax on a vehicle for which another state's sales tax has been paid violates the Commerce Clause.[1]

For the reasons stated below, the Court DENIES Rhoade's motion for summary judgment as to Issues I, but GRANTS Rhoade's motion for summary judgment as to Issue II. The Court DENIES the Department's motion for judgment on the pleadings.

## FACTS AND PROCEDURAL HISTORY

No material facts are in dispute. On January 31, 1998, Rhoade, an Indiana resident, purchased a motor vehicle for $17,265.50 in Florida. At that time, Rhoade paid 6% Florida sales tax on the purchase price of the vehicle, or $1,035.93. On April 20, 1998, when Rhoade titled the vehicle in Indiana, Rhoade was assessed 5% Indiana use tax on the purchase price, or $878.27.[2] On October 22, 1998, Rhoade filed a Claim for Refund of Indiana Use Tax with the Department for $878.27 and statutory interest. On December 29, 1998, the Department denied Rhoade's claim.

On February 1, 1999, Rhoade initiated an original tax appeal. On July 14, 1999, Rhoade filed a motion for summary judgment. On that same date, the Department filed a motion for judgment on the pleadings. On November 24, 1999, the parties presented oral arguments. Additional facts will be supplied as necessary.

## ANALYSIS AND OPINION

### *Standard of Review*

This Court reviews final determinations of the Department de novo and is therefore bound by neither the evidence nor the issues raised at the administrative level. IND.CODE § 6–8.1–9–1(d); *Anderson v. Indiana Dep't of State Revenue*, 758

---

1.   Rhoade also argues that Indiana's use tax violates Article I, Section 23 of the Indiana Constitution and the Equal Protection Clause of the 14th Amendment to the U.S. Constitution. Because the Court finds the Commerce Clause dispositive of the issue, it does not reach Rhoade's Indiana constitutional claim or his federal Equal Protection claim.

2.   The Court notes that 5% of $17,265.50 equals $863.27. The parties, however, have stipulated to the amount of $878.27.

N.E.2d 597, 600 (Ind. Tax Ct.2001), *review denied, petition for cert. filed,* 71 U.S.L.W. 3137 (U.S. Aug. 2, 2002) (No. 02–184). This Court will grant a motion for summary judgment only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Anderson,* 758 N.E.2d at 600. "A party moving for judgment on the pleadings admits, for the purposes of the motion, all facts well pleaded and the untruth of his own allegations which have been denied." *Riley at Jackson Remonstrance Group v. Indiana State Bd. of Tax Comm'rs,* 642 N.E.2d 562, 565 (Ind. Tax Ct.1994) (internal quotation marks omitted). "Further, all reasonable intendments and inferences are to be taken against the movant." *Id.* (internal quotation marks and punctuation omitted). "Accordingly, a motion for judgment on the pleadings should be granted only when: 1) the pleadings present no material issues of fact, and 2) the facts as shown by the pleadings entitle one party to judgment." *Id.*

## Discussion

### I. Indiana's Use Tax

■ The first issue is whether Rhoade is exempt from paying Indiana's use tax because he has already paid Florida's sales tax on the purchase price of his vehicle. Rhoade argues that Indiana Code Section 6–2.5–3–6(d) entitles him to such an exemption because he has offered proof that he paid Florida's sales tax. Indiana Code Section 6–2.5–3–6(d) provides that:

a person liable for the use tax imposed in respect to a vehicle, watercraft, or aircraft under section 2(b) of this chapter shall pay the tax:

(1) to the titling agency when the person applies for a title for the vehicle or the watercraft; or

(2) to the registering agency when the person registers the aircraft;

unless the person presents proof to the agency that the use tax or state gross retail tax has already been paid with respect to the purchase of the vehicle, watercraft, or aircraft or proof that the taxes are inapplicable because of an exemption under this article.

IND.CODE § 6–2.5–3–6(d) (1998). The Department argues, on the other hand, that Indiana Code Section 6–2.5–3–5(b) indicates the Legislature's intent to impose the Indiana use tax on vehicles purchased in other states that are required to be titled for use in Indiana. Indiana Code Section 6–2.5–3–5(b) provides that:

[t]he credit [against the use tax imposed on the use, storage, or consumption of a particular item of tangible personal property equal to the amount, if any, of sales tax, purchase tax, or use tax paid to another state for the acquisition of that property] does not apply to the use tax imposed on the use, storage, or consumption of vehicles ... that are required to be titled, registered, or licensed by Indiana.

IND.CODE § 6–2.5–3–5(b) (1998).

■ In general, states impose a use tax out of two concerns: (1) that local merchants will lose business if taxpayers purchase goods out-of-state to avoid sales tax liability and (2) that the state will lose tax revenue if taxpayers purchase goods out-of-state. JEROME R. HELLERSTEIN & WALTER HELLERSTEIN, 2 STATE TAXATION § 16.01[2] (3d ed.2000). "To deal with this potential loss of business and revenue, states enacted 'complementary' or 'compensating' use taxes on the use of goods purchased outside of the state and brought into the state for use." *Id.* (footnote deleted). A use tax is functionally equivalent to a sales tax and is "typically levied upon the use, storage, or other consumption in the

state of tangible personal property that has not been subjected to a sales tax." *Id.*

> Indiana's use tax
>
> (a) ... is imposed on the storage, use, or consumption of tangible personal property in Indiana if the property was acquired in a retail transaction, regardless of the location of that transaction or of the retail merchant making that transaction.
>
> (b) The use tax is also imposed on the storage, use, or consumption of a vehicle, an aircraft, or a watercraft, if the vehicle, aircraft, or watercraft:
>
> (1) is acquired in a transaction that is an isolated or occasional sale; and
>
> (2) is required to be titled, licensed, or registered by this state for use in Indiana.

IND.CODE § 6–2.5–3–2 (1998). The rate of Indiana's use tax is the same as Indiana's sales tax rate. IND.CODE § 6–2.5–3–3 (1998). *See also* IND.CODE § 6–2.5–2–2(a) (1998) (imposing a 5% sales tax rate on purchases of $0.90 or more). Accordingly, Indiana's use tax complements Indiana's sales tax to ensure that non-exempt retail transactions (particularly out-of-state retail transactions) that escape sales tax liability are nevertheless taxed. *See USAir, Inc. v. Indiana Dep't of State Revenue*, 623 N.E.2d 466, 468–69 (Ind. Tax Ct.1993).

The parties have relied on two different statutes for their respective positions: Rhoade cites to Indiana Code Section 6–2.5–3–6(d) for the proposition that he is exempt from Indiana's use tax, whereas the Department cites to Indiana Code 6–2.5–3–5(b) for the proposition that the Legislature did not intend for taxpayers such as Rhoade to be relieved from paying Indiana's use tax. When the Court considers two or more statutes that relate to the same general subject matter, it will not read the statutes piecemeal, but rather will read them *in pari materia* and construe them harmoniously. *Roehl Trans-*

*port, Inc. v. Indiana Dep't of State Revenue*, 653 N.E.2d 539, 542 (Ind. Tax Ct.1995); *Mechanics Laundry & Supply, Inc. v. Indiana Dep't of State Revenue*, 650 N.E.2d 1223, 1232 (Ind. Tax Ct.1995). Moreover, "[t]his Court presumes that the Legislature did not intend to enact a statute that is meaningless or a nullity." *Chrysler Financial Co., LLC v. Indiana Dep't Of State Revenue*, 761 N.E.2d 909, 916 (Ind. Tax Ct.2002), *review denied.*

Indiana Code Section 6–2.5–3–6(d) exempts a taxpayer from Indiana's use tax if he proves that he has already paid "the use tax or state gross retail tax" on the purchase of his vehicle. I.C. § 6–2.5–3–6(d). The statute, however, does not expressly indicate whether the taxes mentioned are any state's taxes or just Indiana's. *See id.* On the other hand, Indiana Code Section 6–2.5–3–5(b) denies any use tax credit for the payment of another state's sales or use tax when a taxpayer purchases a vehicle out-of-state but is required to title the vehicle for use in Indiana. I.C. § 6–2.5–3–5(b); *Williams v. Indiana Dep't of State Revenue*, 742 N.E.2d 562, 564 (Ind. Tax Ct.2001). Although Rhoade contends that section 6(d) exempts him from Indiana's use tax, an exemption in this instance would be the functional equivalent of a use tax credit, which Indiana Code Section 6–2.5–3–5(b) does not permit in the present circumstance. *See* I.C. § 6–2.5–3–5(b). Indeed, the plain language of Indiana Code Section 6–2.5–3–5(b) clearly evinces the Legislature's intent not to afford a use tax credit to taxpayers such as Rhoade, regardless of whether another state's sales or use tax has already been paid. *See id.*

In short, to adopt Rhoade's construction of section 6(d) would render Indiana Code Section 6–2.5–3–5(b) a nullity. Therefore, in construing both these statutes, the Court holds that the Legislature intended

the phrase "the use tax or state gross retail tax" in Indiana Code Section 6–2.5–3–6(d) to refer to Indiana taxes only. Consequently, Rhoade is not entitled to the relief he seeks under Indiana Code Section 6–2.5–3–6(d). Accordingly, the Court DENIES Rhoade's motion for summary judgment on this issue.

## II. Commerce Clause

■ The second issue is whether imposition of the Indiana use tax on a vehicle purchased out-of-state for which another state's sales tax has already been paid violates the Commerce Clause of the U.S. Constitution. Rhoade argues that Indiana's use tax discriminates against interstate commerce because Indiana taxpayers who purchase vehicles outside of Indiana and pay another state's sales tax on the purchase are subject to multiple taxation if they are required to title the vehicle for use in Indiana. The Department, on the other hand, argues that Indiana's use tax is a facially nondiscriminatory and valid compensatory tax.[3]

The Commerce Clause of the U.S. Constitution grants Congress the power "[to] regulate Commerce . . . among the several States[.]" U.S. Const. Art. I, § 8 cl. 3. This Court has noted that:

[a]lthough the [Commerce Clause] is silent as to how much economic regulatory power a state retains, it has been applied to prevent states from discriminating against out-of-state economic interests or from benefiting in-state interests. The U.S. Supreme Court has rejected the view, however, that interstate commerce is immune from state taxation. Consequently, a state tax will withstand a Commerce Clause challenge if it (1) is applied to an activity with a substantial nexus with the taxing state, (2) is fairly apportioned, (3) does not discriminate against interstate commerce, and (4) is fairly related to the services provided by the State.

*Anderson,* 758 N.E.2d at 601 (citing *Complete Auto Transit, Inc. v. Brady,* 430 U.S. 274, 279, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977), *reh'g denied* ) (other citations omitted).

■ Rhoade claims that Indiana's use tax statute violates the third prong, or the discrimination prong, of the four-prong test in *Complete Auto Transit.* A state

---

**3.** The Department also argues that Indiana's use tax does not discriminate against interstate commerce "because the statute does not tax the purchase of the vehicle in another state but rather taxes the subsequent use of the motor vehicle by the purchaser within the state." (Resp't Response to Pet'r Mot. for Summ. J. at 7.) The Court disagrees with the Department's suggestion that Indiana's use tax does not implicate interstate commerce. Indiana's use tax is imposed on the use of tangible personal property in Indiana "if the property was acquired in a retail transaction, *regardless of the location of that transaction* [.]" IND.CODE § 6–2.5–3–2(a) (1998) (emphasis added). The plain language of section 2(a) indicates the Legislature's intent to impose the use tax on the use of property purchased in Indiana as well as on property purchased in other states that is then transported back to Indiana. The out-of-state purchase of proper-

ty that is then transported back to Indiana clearly implicates the Commerce Clause. *See Gross Income Tax Division of State v. W.B. Conkey Co.,* 228 Ind. 352, 90 N.E.2d 805, 808 (1950), *cert. denied,* 340 U.S. 941, 71 S.Ct. 504, 95 L.Ed. 679 (1951) (stating that whether commerce is interstate or intrastate depends on its essential character). *Cf. Nuckols v. Athey,* 149 W.Va. 40, 138 S.E.2d 344, 348 (1964) (holding that "the transportation of two automobiles across the state line, and the transfer of ownership of both motor vehicles, presents a clear case of interstate commerce even though the new automobile purchased by the defendant, upon its transportation to West Virginia, ceased to be involved in interstate commerce and became a part of the mass of property in this state"). Consequently, the Court finds that Indiana Code Section 6–2.5–3–2(a) implicates interstate commerce.

tax impermissibly discriminates against interstate commerce if it provides "a direct commercial advantage to local business." *Boston Stock Exchange v. State Tax Comm'n*, 429 U.S. 318, 329, 97 S.Ct. 599, 50 L.Ed.2d 514 (1977) (internal quotation marks omitted). In particular, a state tax impermissibly discriminates against interstate commerce when the state's taxing power effectively increases the tax burden for out-of-state transactions, thereby coercing taxpayers to conduct intrastate rather than interstate business. *Bulkmatic Transport Co. v. Dep't of State Revenue*, 691 N.E.2d 1371, 1377 (Ind. Tax Ct.1998).

In the instant case, Rhoade paid 6% Florida sales tax on the purchase price of his vehicle. Indiana then required him to pay its use tax at the rate of 5% on the purchase price of his vehicle. In the end, Rhoade was effectively assessed tax on the purchase price of his vehicle at a rate of 11%; had he purchased his vehicle in Indiana, he would have been assessed tax at a rate of only 5% on the purchase price. Because Indiana taxpayers in Rhoade's position will pay more tax for a vehicle purchased out-of-state than the same-priced vehicle purchased in-state, they have a direct financial incentive not to purchase vehicles out-of-state. In other words, Indiana's use tax forecloses tax-neutral decision making on the part of Indiana taxpayers with respect to out-of-state versus in-state vehicle purchases. Concomitantly, those who sell vehicles in Indiana have a direct commercial advantage over those who sell vehicles in other states because of the strong financial disincentive to purchasing a vehicle out-of-state. *Cf. Barringer v. Griffes*, 1 F.3d 1331, 1337–38 (2d Cir.1993) (noting that a state's use tax was discriminatory where it resulted in a lower overall price for in-state vehicle purchases versus out-of-state purchases), *cert. denied*, 510 U.S. 1072, 114 S.Ct. 879, 127 L.Ed.2d 75 (1994); *Department of Revenue v. Kuhnlein*, 646 So.2d 717, 724 (Fla.

1994) (holding that failure to provide a use tax credit for a fee levied on out-of-state vehicle purchases "erected a financial barrier that [gave] Florida used-car sellers a substantial advantage over similar out-of-state sellers"), *cert. denied*, 515 U.S. 1158, 115 S.Ct. 2608, 132 L.Ed.2d 853 (1995); *Iowa Auto. Dealers Ass'n v. Iowa State Appeal Bd.*, 420 N.W.2d 460, 463 (Iowa 1988) (affirming holding that a state's registration fee credit directly discriminated against interstate commerce where it applied to in-state vehicle sales but not to out-of-state sales). It is such discrimination and foreclosure of tax-neutral decision making that the Commerce Clause prohibits. *See Westinghouse Electric Corp. v. Tully*, 466 U.S. 388, 406, 104 S.Ct. 1856, 80 L.Ed.2d 388 (1984); *Boston Stock Exchange*, 429 U.S. at 329, 97 S.Ct. 599; *Bulkmatic Transport*, 691 N.E.2d at 1377.

Moreover, merely to characterize Indiana's use tax as facially nondiscriminatory, as the Department has done, does not save the use tax from violating the Commerce Clause. *See American Trucking Assns., Inc. v. Scheiner*, 483 U.S. 266, 281, 107 S.Ct. 2829, 97 L.Ed.2d 226 (1987) (holding that the Commerce Clause may be implicated even though state provisions do not allocate tax burdens in a facially discriminatory manner). Thus, the Department's argument that the same tax rate applies equally to all Indiana taxpayers is unavailing; the use tax directly discriminates against interstate commerce regardless of whether the same rate uniformly applies to all taxpayers. Nor is the Court persuaded that Indiana's use tax is a valid compensatory tax. Indiana's use tax does not provide taxpayers such as Rhoade an exemption from or credit for Indiana's use tax in the event that another state's sales or use tax has been paid; this Court's research finds no instance where the U.S. Supreme Court has upheld a state tax in the face of such facts. *See, e.g., Oklahoma Tax Comm'n*

*v. Jefferson Lines, Inc.,* 514 U.S. 175, 192 n. 6, 115 S.Ct. 1331, 131 L.Ed.2d 261 (1995), *reh'g denied.* Indeed, the Supreme Court has held that

> [s]ince any use tax would have to comply with Commerce Clause requirements, [a State's use] tax scheme could not apply differently to goods and services purchased out of state from those purchased domestically. Presumably, then, it would not apply when another State's sales tax had previously been paid, or would apply subject to credit for such payment.

*Id.* at 194, 115 S.Ct. 1331.

Because Indiana's use tax results in a greater effective tax burden on vehicles purchased out-of-state than vehicles purchased in-state, the Court holds that it discriminates against interstate commerce and so violates the Commerce Clause.[4]

Consequently, the Court GRANTS Rhoade's motion for summary judgment as to this issue and DENIES the Department's motion for judgment on the pleadings. The Court REMANDS the case to the Department and ORDERS the Department to refund Rhoade the amount of use tax stipulated herein.[5]

## CONCLUSION

For the aforementioned reasons, the Court DENIES Rhoade's motion for summary judgment as to issue I. The Court GRANTS Rhoade's motion for summary judgment as to Issue II and DENIES the Department's motion for judgment on the pleadings.

---

**4.** Rhoade argues in the alternative that Indiana's use tax violates the second prong of the test in *Complete Auto Transit.* Because the Court holds that Indiana's use tax violates the third prong of that test, it does not reach Rhoade's argument under the second prong.

**5.** The Court notes that in the future, an exemption from or credit for Indiana's use tax will depend on the amount of sales or use tax already paid to another state by an Indiana taxpayer. The payment of another state's sales or use tax, however, will not necessarily exempt an Indiana taxpayer from the entire amount of Indiana use tax or entitle the taxpayer to a use tax credit equal to the out-of-state sales or use tax already paid.