SCOTT OIL COMPANY,
INC., Petitioner,

v.

INDIANA DEPARTMENT OF STATE
REVENUE, Respondent.

No. 49T05–9003–TA–00018.

Tax Court of Indiana.

Jan. 27, 1992.

Joseph R. Impicciche, N. Kent Smith, Hall Render Killian Heath & Lyman, P.C., Indianapolis, for petitioner.

Linley E. Pearson, Atty. Gen., Douglas J. Deglopper, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

The Petitioner, Scott Oil Company, Inc. (Scott Oil), moves for summary judgment on its appeal challenging the Indiana Department of State Revenue's (the Department) assessment and collection of special fuel tax for the years 1985, 1986, and 1987. On September 20, 1989, Scott Oil paid the assessed tax together with interest and penalties in the amount of $30,879.84 and simultaneously filed a claim for refund, which the Department has neither granted nor denied.

## FACTS

The following facts are undisputed. Scott Oil, a family owned Indiana corporation, is a licensed special fuel dealer and carrier primarily engaged in marketing and distributing petroleum products, including special fuel. Since 1945, Scott Oil has owned and operated a gas station located on the corner of Ninth and Elm Streets in Clinton, Indiana, a small community with a population of approximately 5,000.

During the years at issue, the Clinton station sold special fuel to the general public from the stationary dual-sided pump located outside the rear (north) wall of the station. A six foot long by six foot tall window in the north wall of the station was directly behind the pump. The dual-sided pump was labeled "highway diesel fuel" on its west side, containing taxable diesel fuel for on-road use and on its east side was labeled "non-highway diesel fuel," containing non-taxable special fuel for agricultural and other off-road use. Each side of the pump was separately metered with a separate dispensing nozzle.

By lifting a lever on the pump, customers turned on the non-highway pump themselves to dispense fuel, although the pump could be deactivated at any time from inside the station at the cashier's booth. The station personnel could monitor the fuel dispensed from the dual-sided pump by Tokheim meter readouts displayed at the cashier's booth inside the station.

Scott Oil did not advertise the sale of special fuel on the station premises, in print, or in other media. Additionally, the officers and employees personally knew most of the station's customers and generally knew the use for which they purchased special fuel.

Additional facts will be included as necessary.

## ISSUES

I. Is there a genuine issue of a material fact whether special fuel was dispensed from the side of the dual-metered, twin nozzle fuel pump labelled "non-highway diesel fuel" (the non-highway pump) into the fuel tanks of motor vehicles?

II. As a matter of law, is fuel sold from Scott Oil's non-highway pump taxable under IND.CODE 6–6–2.1–201?

## DISCUSSION AND DECISION

█ The court repeats the familiar standard that summary judgment may be granted only after a bifurcated inquiry, determining first whether a genuine issue of material fact exists and second whether the moving party is entitled to judgment as a matter of law. Ind.Rules of Procedure, Trial Rule 56(C). Summary judgment cannot substitute for trial to resolve factual disputes or conflicting inferences following from undisputed facts. *C & C Oil Co. v. Indiana Dep't of State Revenue* (1991), Ind.Tax, 570 N.E.2d 1376, 1378 (citing *ITT Commercial Fin. Corp. v. Union Bank & Trust Co.* (1988), Ind.App., 528 N.E.2d 1149, 1152). The moving party first must establish that no genuine issue of material fact exists. *State v. American Motorists Ins. Co.* (1984), Ind.App., 463 N.E.2d 1142, 1145–46. The party opposing the motion then must come forward with specific facts to show that there is a genuine issue for trial. *Moll v. South Cent. Solar Sys., Inc.* (1981), Ind.App., 419 N.E.2d 154, 160 (citing *Whipple v. Dickey* (1980), Ind.App., 401 N.E.2d 787).

### I.

To determine whether a material factual issue exists the "[f]acts alleged in the complaint are taken as true except to the extent that they are negated by other pleadings, depositions, answers to interrogatories, affidavits, or *other evidence* presented by the [opposing] party." *C & C Oil*, 570 N.E.2d at 1378 (quoting *Kahf v. Charleston S. Apartments* (1984), Ind. App., 461 N.E.2d 723, 729, *trans. denied*) (emphasis added). "The court must determine the probative value of each piece of evidence presented in connection with a motion for summary judgment...." *Id.* at 1380 (citing *Burke v. Capello* (1988), Ind., 520 N.E.2d 439, 440). Furthermore, the evidence and all *reasonable inferences* which can be drawn therefrom must be

considered in the light most favorable to the non-moving party. *Id.* at 1379 (citing *Cromer v. City of Indianapolis* (1989), Ind.App., 540 N.E.2d 663, 666).

In support of its motion for summary judgment, Scott Oil submitted the Department's letter of findings issued July 28, 1989, and one affidavit by John W. Scott (the Scott Affidavit), the president of Scott Oil, including a roughly scaled diagram of the physical layout of the Clinton service station. Scott averred that the physical configuration of the station impeded access to the non-highway pump by large trucks. Scott further declared the non-highway pump was fully visible from the cashier's booth through the six by six foot window in the station's rear wall. Scott attested that he did not ever see and was never made aware by employees or others of an instance in which a customer placed fuel from the non-highway pump into the fuel tank of a motor vehicle. The pleadings, the facts, asserted from the affiant's personal knowledge, and the reasonable inferences therefrom provide *prima facie* evidence that special fuel was not dispensed in a taxable manner at the Clinton station, demonstrating the absence of a genuine issue of material fact.

"The burden [to go forward] therefore shifts to the Department to show the existence of a genuine issue of material fact by specifically setting forth contrary facts either in affidavits, depositions, testimony, or as otherwise provided in T.R. 56(C)." *Id.* at 1378 (citing *ITT Commercial,* 528 N.E.2d at 1151). The Department offers five affidavits from customers of the Clinton station, which directly contradict certain facts averred in the Scott Affidavit. A disputed fact, however, must be material to defeat a motion for summary judgment.[1]

A material fact is one which may be dispositive of the case. *See id.* (citing *Willsey v. Peoples Fed. Sav. and Loan Ass'n* (1988), Ind.App., 529 N.E.2d 1199, 1206 n. 5). The sale of special fuel is taxable only when dispensed into the fuel tank of a motor vehicle, *Id.* (citing IC 6–6–2.1–201; IC 6–6–2.1–103). Whether special fuel from Scott Oil's non-highway pump is delivered into the fuel supply tank of a motor vehicle therefore is a material fact because it may be dispositive of the case at bar. The question remains whether this material fact raises a genuine issue to be resolved at trial.

A genuine issue is raised when a material fact is in dispute or when the reasonable inferences following from undisputed material facts conflict. Two of the Department's affiants, Donald Blanchard and Fred Pickell, assert that they dispensed special fuel from the non-highway pump into the gas tanks of their motor vehicles without interference or collection of special fuel tax by an employee at the Clinton station. Blanchard's and Pickell's averments do not directly negate Scott's averment that he had no knowledge, either personally or from his employees, of fuel improperly dispensed from the non-highway pump. Neither does Scott's lack of knowledge negate the fact that Blanchard and Pickell dispensed special fuel from the Clinton station's non-highway pump into the gas tanks of motor vehicles. Instead, both facts can be reconciled, coexisting as true. Accordingly, no material fact is in dispute.

From the isolated fact that Scott did not have any knowledge regarding the improper dispensing of special fuel, the court

---

1. Each of the Department's five affiants state their opinion that large vehicles could gain access to the non-highway pump and that the pump was not readily visible from the cashier's booth, disputing assertions in the Scott Affidavit. Nevertheless, "[o]pinions expressing mere possibilities with regard to hypothetical situations are insufficient to establish a genuine issue of material fact." *C & C Oil,* 570 N.E.2d at 1379 (citing *Watson v. Medical Emergency Servs., Corp.* (1989), Ind.App., 532 N.E.2d 1191, 1195–96, *trans. denied*). Furthermore, neither of these disputed facts are material because their resolution is not dispositive of the case. Even if large diesel powered vehicles could not gain access to the non-highway pump, smaller diesel powered vehicles could improperly dispense special fuel from the non-highway pump for on-road purposes. Similarly, even if the non-highway pump was determined to be clearly visible from the cashier's booth, visibility is not conclusive proof that visual monitoring occurs or that the fuel at issue is not improperly dispensed.

might reasonably infer that the safeguards at the Clinton station effectively prevented the improper dispensing of special fuel. In light of Blanchard's and Pickell's averments, however, the above inference is unreasonable. The *only* reasonable inference that follows from all the undisputed material facts is that Scott Oil's safeguards were ineffective for their intended purpose. Consequently, no genuine issue arises from the inferences drawn from the material facts because all reasonable inferences point in one direction and do not conflict. The court accordingly finds no genuine issue of material fact exists to be resolved at a trial on the merits.

Scott Oil attacks the credibility of the Blanchard and Pickell affidavits, implying their acts of dispensing fuel from the non-highway pump into their motor vehicle's fuel tanks without paying special fuel tax were felonious and therefore not sufficient to raise a genuine issue of material fact. A motion for summary judgment, however, is an improper vehicle to determine weight or credibility of evidence. *See id.* at 1380 (citing *Burke*, 520 N.E.2d at 440). Therefore, a motion for summary judgment cannot be defeated by an opposing party's mere incantation of lack of credibility over a supporting affidavit. *Id.* (quoting *Walter v. Fiorenzo* (7th Cir.1988), 840 F.2d 427, 434).

## II.

Absent a genuine issue of material fact, the court may grant summary judgment only if one of the parties is entitled to judgment as a matter of law. *See id.* (citing *State ex rel. Bd. of Dental Examiners v. Judd* (1990), Ind.App., 554 N.E.2d 829, 830). "Summary judgment may be granted in favor of either the moving or the non-moving party." *Id.* at 1378 (citing *Indianapolis Pub. Transp. Corp. v. Indiana Dep't of State Revenue* (1987), Ind.Tax, 512 N.E.2d 906, 907, *aff'd*, (1990), Ind., 550 N.E.2d 1277).

The parties agree this court's decision in *C & C Oil* is dispositive of the case at bar. Relying on *C & C Oil*, Scott Oil first contends that applying the Department's presumption of taxability, pursuant to regulations 45 I.A.C 10–3–10 and 45 I.A.C. 10–3–12, to a taxpayer who denies taxability in the first instance improperly shifts the burden of proof. *See id.* at 1382. Tax imposing statutes must be construed in the taxpayer's favor. *Id.* (citing *Indiana Dep't of State Revenue v. Sohio Petroleum Co.* (1976), 170 Ind.App. 123, 128, 352 N.E.2d 95, 99). The initial burden of proof therefore should rest with the Department to make a *prima facie* showing that a taxpayer is subject to tax and should not be placed upon the taxpayer to prove non-taxability.[2] In *C & C Oil*, the Department did not offer *prima facie* evidence indicating C & C Oil's taxability, but merely offered hypothetical facts and speculation. Consequently, the court questioned whether requiring a taxpayer to rebut a presumption of taxability when the taxpayer claims not to fall within the parameters of the tax imposing statute, improperly shifts the burden of proof.

In the case at bar, however, the Department carried the burden, presenting affidavits containing specific evidence that untaxed fuel from Scott Oil's non-highway pump was dispensed in a taxable manner. This evidence is *prima facie* proof that Scott Oil is liable for special fuel tax on all sales from the non-highway pump. Accordingly, the burden shifted to Scott Oil to present sufficient contradictory evidence of non-taxability. As a result, the facts in this case do not raise the issue of whether the burden of proof was improperly shifted.

Scott Oil further contends it provided "other evidence," as did C & C Oil, sufficient to establish non-taxability. The court in *C & C Oil* identified three methods sufficient to establish non-taxability: 1) maintaining complete invoices, 2) collecting exemption certificates, or 3) "other evidence"

---

**2.** In contrast, however, if a taxpayer subject to taxation seeks an exemption, the exemption statute is construed in the state's favor, placing the burden on the taxpayer to prove he or she meets the requirements for exemption.

of the purchasers' non-taxability. *See id.* at 1382. The court found C & C Oil's safeguards were sufficient as "other evidence" to prove special fuel was not dispensed into the gas tanks of motor vehicles. *C & C Oil* accordingly teaches that "other evidence" than exemption certificates or complete invoices can prove exemption or non-taxability and sets the standard for measuring the sufficiency of "other evidence." The court compared the effectiveness of exemption certificates and complete invoices with the effectiveness of the "other evidence" in guaranteeing special fuel was dispensed solely for non-taxable off-road use. The court concluded C & C Oil's safeguards were comparatively more effective and therefore sufficient proof of non-taxability.

Similarly, Scott Oil offers "other evidence" as proof it is not taxable. The sufficiency of its "other evidence" is at issue. Scott Oil asserts its mechanical and procedural safeguards prevent non-taxable fuel from being sold for a taxable use just as those in *C & C Oil.* Scott Oil's safeguards include preventing physical access to the pump by large diesel powered vehicles, not advertising the sale of fuel oil, limiting the customers aware of the sale of special fuel, clearly labeling the pump to reflect its intended use and tax status, visually monitoring the pump through the six by six foot window and by Tokheim meter readouts at the cashiers station, employees personally knowing most of their customers and the intended uses for special fuel, and the employees' capacity to turn off the pump at any time.

The instant facts sharply distinguish this case from *C & C Oil.* First, the Department presented evidence which disputes the existence of several of Scott Oil's asserted safeguards, whereas no evidence was presented to dispute the existence of C

& C Oil's safeguards. Second, most of Scott Oil's safeguards are reactive, effective only after-the-fact if an improper dispensing was discovered, whereas the safeguards in *C & C Oil* prevented all dispensing of special fuel before-the-fact, requiring an employee's attention then activation of the pump before a customer could dispense special fuel. Finally, the Department provided evidence, not merely conjecture as in *C & C Oil*, that Scott Oil's safeguards were ineffective because two customers dispensed fuel from the non-highway pump into motor vehicle fuel tanks without the pump being turned off or special fuel tax being collected.

The court therefore finds Scott Oil's "other evidence" is not sufficient to prove its sales of special fuel are not subject to special fuel tax because Scott Oil's reactive safeguards, compared to exemption certificates and complete invoices, are not as effective or reliable in guaranteeing special fuel was dispensed solely for non-taxable use and because the safeguards undisputedly failed to prevent improper dispensing. Although exemption certificates or complete invoices would be evidence of non-taxability, such evidence is not at issue and therefore is not considered by the court.

According to the evidence, the court finds all special fuel sales from Scott Oil's non-highway pump taxable pursuant to IC 6–6–2.1–201. Consequently, the court DENIES Scott Oil's motion for summary judgment and GRANTS summary judgment in favor of the Department.