W&J LEASING, INC., Petitioner,
v.
INDIANA DEPARTMENT OF STATE REVENUE, Respondent.
Cause No. 49T10-0509-TA-77
Tax Court of Indiana.
December 15, 2006
DAN R. DUNBAR, DUNBAR & ROMACK, Indianapolis, IN, ATTORNEY FOR PETITIONER.
STEVE CARTER, ATTORNEY GENERAL OF INDIANA, ANDREW W. SWAIN, SPECIAL COUNSEL, TAX SECTION, JENNIFER E. GAUGER, DEPUTY ATTORNEY GENERAL, Indianapolis, IN, ATTORNEYS FOR RESPONDENT.
FISHER, J.
W&J Leasing, Inc. (WJ) has appealed the Indiana Department of State Revenue's (Department) final determination denying its claim for refund of Indiana sales/use tax paid for period from December 1995 through December 1997 (the period at issue). The matter, currently before the Court on the parties' cross-motions for summary judgment, presents the following issue for the Court's review: whether the lease payments WJ received from leasing its aircraft during the period at issue are subject to Indiana sales tax pursuant to Indiana Code § 6-2.5-4-10(a).

FACTS AND PROCEDURAL HISTORY
The following facts are not in dispute. WJ is an Indiana corporation located in Edinburgh, Indiana. During the period at issue, WJ owned a small aircraft that was titled, registered, and hangared in Indiana. Beginning sometime in December of 1995, WJ leased the aircraft to Amos-Hill Associates, Inc. (Amos-Hill), another Indiana corporation located in Edinburgh. Amos-Hill was the sole lessee of the aircraft during the period at issue. Approximately 98% of Amos-Hill's use of the aircraft during the period at issue occurred in interstate travel.
In February of 1996, WJ remitted to the Department "Indiana sales and/or use tax" in the amount of $10,062.71: $9,298.19 on its purchase of the aircraft and $764.52 on certain other purchases.[1] (Cf. Jt. Stip. of Facts at 3, ¶ 19 with Pet'r Resp. Br. at 3; Resp't Br. at 3 (footnote added).) After subsequently conducting an audit of WJ, however, the Department determined that the $10,062.71 WJ remitted was in error because "tax does not apply to the purchase of property for [the purpose of] leasing" it to another. (See Resp't Designation of Evidence, Ex. B at 5-6.) Nevertheless, the Department determined that WJ was required to collect sales tax from Amos-Hill on the aircraft's lease payments during the period at issue and, because it did not, WJ was responsible for the sales tax thereon (including penalties and interest) in the amount of $21,632.44.[2] Finally, the Department also determined that WJ owed $36.04 in use tax on certain items it purchased in 1996 and $45.84 in use tax on certain items it purchased in 1997. As a result, the Department issued an assessment against WJ totaling $15,822.49.[3]
WJ paid the assessment on April 4, 2003. On November 30, 2004, WJ filed a claim with the Department seeking a refund of both the $10,062.71 and the $15,822.49. The Department denied WJ's claim for refund on June 28, 2005.
WJ initiated this original tax appeal on September 16, 2005. On May 31, 2006, the Department filed a motion for summary judgment. WJ filed a response brief on June 30, 2006.[4] The Court conducted a hearing on September 18, 2006. Additional facts will be supplied as necessary.

STANDARD OF REVIEW
Summary judgment is appropriate only where no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). Cross-motions for summary judgment do not alter this standard. Snyder v. Indiana Dep't of State Revenue, 723 N.E.2d 487, 488 (Ind. Tax Ct. 2000), review denied.

DISCUSSION AND ANALYSIS
Indiana imposes an excise tax, known as the state gross retail (or sales) tax, on certain sales made in Indiana. See IND. CODE ANN. § 6-2.5-2-1(a) (West 1995). This tax is not imposed on all sales taking place within Indiana, but rather on only those sales that constitute "retail transactions." Id. See also Monarch Beverage Co. v. Indiana Dep't of State Revenue, 589 N.E.2d 1209, 1210 (Ind. Tax Ct. 1992). Pursuant to Indiana Code § 6-2.5-4-10(a), "[a] person . . . is a retail merchant making a retail transaction when he rents or leases tangible personal property to another person." IND. CODE ANN. § 6-2.5-4-10(a) (West 1995) (amended 2004). See also IND. ADMIN. CODE tit. 45. r. 2.2-4-27(b) (1996) (providing that "[e]very person engaged in the business of the rental or leasing of tangible personal property . . . shall be deemed to be a retail merchant in respect thereto and such rental or leasing transaction shall constitute a retail transaction subject to [sales] tax").
The Department claims that, pursuant to Indiana Code § 6-2.5-4-10(a), it is unequivocally clear that the lease payments WJ received from Amos-Hill during the period at issue are subject to sales tax. (See Resp't Br. at 6 (stating that in leasing the aircraft to Amos-Hill, WJ was, pursuant to Indiana Code § 6-2.5-4-10(a), a retail merchant making a retail transaction).)[5] WJ claims, on the other hand, that the lease payments it received from Amos-Hill are not taxable because the lease transaction does not constitute a retail transaction and is therefore not subject to sales tax. In the alternative, WJ contends that the lease payments WJ received from Amos-Hill are not subject to sales tax pursuant to the Commerce Clause of the United States Constitution.

1.
WJ argues that because it purchased and took possession of the aircraft outside Indiana, it was not a retail merchant making a retail transaction when it then leased the aircraft to Amos-Hill (and was therefore not required to collect and remit Indiana sales tax on the lease payments it received from Amos-Hill). (See Pet'r Resp. Br. at 4.)[6] During oral argument, however, WJ changed its argument somewhat:
In this case[,] we believe there are issues of material fact. We've never stipulated as to the lease itself, we've never stipulated anything as to the terms of the lease, we've never stipulated that the lease was entered into in the state of Indiana, and we think all of that is critical to the taxation of the lease stream that then follows it, so we believe that's a significant issue alone enough to overturn any summary judgment motion. . . . [The lease stream would be subject to Indiana sales tax] if this was an Indiana transaction. We have not stipulated that this was an Indiana transaction. The property was purchased [out-of-state], it was delivered [out-of-state], possession was taken [out-of-state], and the lease [with Amos-Hill] theoretically could've been entered into [out-of-state] before any of this lease stream took place. None of that has been stipulated or agreed upon yet. . . . If this lease was entered into in the state of Texas when the property was still located in Texas, this is a Texas transaction. The property then moved to a different state. Well, the sales tax doesn't move around from state to state with this piece of property. The [lease] transaction could well have occurred before the property was moved to Indiana and we've never stipulated to where this property was located or when the lease was even entered into.

(Oral Argument Tr. at 8, 10 (emphases added).) Thus, WJ now believes that the lease payments it received from Amos-Hill are subject to Indiana sales tax if, and only if, the lease was actually signed in Indiana. In turn, WJ asserts that because it has not yet stipulated as to where the lease was signed, there is a genuine issue as to a material fact that precludes summary judgment in the Department's favor.[7] The Court disagrees.
In moving for summary judgment in this case, the Department designated as evidence its audit summary, proposed assessments against WJ, as well as the parties' Joint Stipulation of Facts. This designated evidence more than adequately provides prima facie evidence that WJ, an Indiana corporation, leased its aircraft (which was titled and registered in Indiana) to another Indiana corporation, Amos-Hill.[8]See A.I.C. § 6-2.5-2-1(a); A.I.C. § 6-2.5-4-10(a) (stating that a taxable retail transaction occurs in Indiana when a person rents or leases tangible personal property to another) (footnote added). As a result, the burden shifted to WJ "to show the existence of a genuine issue of material fact by specifically setting forth contrary facts either in affidavits, depositions, testimony, or as otherwise provided in T.R. 56(C)." Scott Oil Co. v. Indiana Dep't of State Revenue, 584 N.E.2d 1127, 1129 (Ind. Tax Ct. 1992) (citation omitted).
While WJ maintains that where the lease was signed is material to the resolution of this case (i.e., if the lease was signed in Indiana, the lease transaction is subject to tax; if the lease was signed outside Indiana, the lease transaction is not subject to tax), it has not shown that there is a genuine issue as to this material fact.[9] Rather, WJ attempts to create a genuine issue as to this fact by simply indicating that it has not yet stipulated as to where the lease was signed. (See Oral Argument Tr. at 8, 10.) With nothing more than the statement that "maybe the lease was signed in Indiana, maybe it wasn't," however, the factual issue is not genuine; it is hypothetical. As this Court has previously explained, statements "expressing mere possibilities . . . are insufficient to establish a genuine issue of material fact." C & C Oil Co. v. Indiana Dep't of State Revenue, 570 N.E.2d 1376, 1379 (Ind. Tax Ct. 1991) (citation omitted).
WJ has made no showing that its lease was signed outside of Indiana. As a result, it has not shown that there are any genuine issues of material fact that would preclude summary judgment in the Department's favor.

2.
In the alternative, WJ argues that the lease payments it received from Amos-Hill are not subject to sales tax because the imposition of such violates the Commerce Clause of the United States Constitution. (Pet'r Resp. Br. at 6.) See also IND. CODE ANN. § 6-2.5-5-24(b) (West 1995) (providing that gross retail income derived from business conducted in interstate commerce is exempt from sales tax to the extent Indiana is prohibited from taxing that gross income by the U.S. Constitution). Again, the Court must disagree.
The Commerce Clause[10] prohibits state taxation in a manner that discriminates against or unduly burdens interstate commerce. See Hi-Way Dispatch, Inc. v. Indiana Dep't of State Revenue, 756 N.E.2d 587, 603 (Ind. Tax Ct. 2001) (internal quotations and citations omitted). This does not mean, however, that interstate commerce is completely immune from state taxation. Rather, as the United States Supreme Court has held, interstate commerce must bear its fair share of state and local tax burdens. See Int'l Harvester Co. v. Dep't of Treasury, 322 U.S. 340, 346, 64 S.Ct. 1019, 88 L.Ed. 1313 (1944). Consequently, so long as "a local transaction is made the taxable event and that event is separate and distinct from the transportation or intercourse which is interstate commerce[,]" a state tax will not run afoul of the Commerce Clause. Id.
To support its Commerce Clause argument, WJ has relied exclusively on this Court's holding in Simon Aviation, Inc. v. Indiana Department of State Revenue, 805 N.E.2d 920 (Ind. Tax Ct. 2004). (See Pet'r Resp. Br. at 6.) WJ's written brief[11] provides the following analysis:
In Simon . . . this Court held that the imposition of Indiana's use tax on lease payments made to an out-of-state lessor discriminates against interstate commerce and violates the Commerce Clause. . . . While the facts of Simon [] may be distinguishable [from those in this case], the result should be the same. . . . In Simon [], the aircraft in question were hang[a]red in Indiana and used primarily in interstate commerce. Here, Amos-Hill hang[a]red the aircraft in Indiana and used the aircraft in question almost exclusively in interstate commerce.
(Pet'r Resp. Br. at 6.) WJ's reliance on Simon Aviation, however, is misplaced.
This Court's opinion in Simon Aviation examined whether aircraft lease payments made by an Indiana lessee to an out-of-state lessor were subject to Indiana's use tax. See Simon Aviation, Inc. v. Indiana Dep't of State Revenue, 805 N.E.2d 920, 929 (Ind. Tax Ct. 2004). Thus, WJ's reliance on this case completely ignores the obvious: Simon Aviation implicated an entirely different tax and, as a result, an entirely different taxable event.
As stated earlier, Indiana's sales tax is imposed on retail transactions that occur within Indiana. Under Indiana's use tax, however, Indiana residents are taxed on their use, storage, or consumption of tangible personal property  which was previously purchased out-of-state  in Indiana.[12]See Rhoade v. Indiana Dep't of State Revenue, 774 N.E.2d 1044, 1047-48 (Ind. Tax Ct. 2002) (footnote added). Consequently, while Indiana's sales and use taxes are complementary, they are two separate taxes and, as such, are imposed upon the occurrence of two separate, distinct events. To that end, when this Court issued its ruling in Simon Aviation, it was examining whether an Indiana lessee's use of an aircraft in interstate travel could be taxed by Indiana. In this case, however, the taxability of Amos-Hill's use of the aircraft is not being examined; rather, the taxability of WJ's lease transaction with Amos-Hill is being examined. In turn, because the Department is taxing the local lease transaction between WJ and Amos-Hill, and not Amos-Hill's subsequent use of the aircraft in interstate commerce, the Department's imposition of sales tax does not run afoul of the Commerce Clause.[13]See Int'l Harvester, 322 U.S. at 346 (footnote added).

CONCLUSION
The Department properly subjected the lease payments received by WJ to Indiana sales tax. Consequently, the Court GRANTS summary judgment in favor of the Department and against WJ.[14]
SO ORDERED.
NOTES
[1] WJ purchased the aircraft on November 16, 1995, from Ament Aviation, Inc. (AA) for $161,550.00. Both AA and the subject aircraft were, as of that date, located in Delaware. Sometime in December of 1995, AA delivered the aircraft to WJ in Austin, Texas. The aircraft was then flown from Austin to Indiana, where it was then hangared. WJ paid no tax on its purchase or use of the aircraft to either Delaware or Texas. (Jt. Stip. of Facts at ¶¶ 5-6.)
[2] More specifically, the Department determined that WJ owed $5,958.66 for 1995, $5,855.80 for 1996, and $9,817.98 for 1997.
[3] The Department applied the $10,062.71 as a credit against WJ's 1996 tax liability. The Department determined, however, that the balance of $4,170.87 beyond the offset (i.e., $10,062.71 less $5,855.80 less $36.04) was not refundable to WJ because WJ did not file timely a claim for refund of that amount. (See Resp't Designation of Evidence, Ex. B at 6 (citing IND. ADMIN. CODE tit. 45, r. 15-9-2 (1996)).)
[4] Although not captioned as a cross motion for summary judgment, WJ's response brief requests that summary judgment be entered in its favor. Pursuant to Indiana Trial Rule 56(B), summary judgment may be granted to the non-moving party. Therefore, the Court will treat WJ's request as a cross-motion for summary judgment. See Hunt Corp. v. Dep't of State Revenue, 709 N.E.2d 766, 767 n. 5 (Ind. Tax Ct.1999).
[5] The Department explains that Amos-Hill, as the "purchaser" in the subject retail transaction, was liable for the sales tax on the lease transaction but, to the extent that WJ, as the retail merchant, did not collect the sales tax from Amos-Hill, WJ is now liable for the tax due. (See Resp't Br. at 6.) See also IND. CODE ANN. § 6-2.5-2-1(b) (West 1995); IND. CODE ANN. § 6-2.5-6-7 (West 1995); IND. CODE ANN. § 6-2.5-9-3 (West 1995).
[6] WJ has provided no legal authority, however, to support its claim that where it purchased its aircraft is somehow relevant to determining whether its subsequent lease of the aircraft constitutes a taxable retail transaction under Indiana Code § 6-2.5-4-10(a). (See Pet'r Resp. Br.; Oral Argument Tr.)
[7] The summary judgment procedure is designed to provide speedy resolution to those cases that may be determined as a matter of law because there are no factual disputes. See Matonovich v. State Bd. of Tax Comm'rs, 705 N.E.2d 1093, 1096 (Ind. Tax Ct. 1999), review denied. If there are factual disputes, summary judgment is inappropriate and a trial must be held to resolve those factual disputes. See C & C Oil Co. v. Indiana Dep't of State Revenue, 570 N.E.2d 1376, 1378 (Ind. Tax Ct. 1991) (stating that summary judgment is not a substitute for trial to resolve factual disputes) (citation omitted).
[8] In determining whether a material factual issue exists, the Court takes the facts as alleged in the complaint as true except to the extent that they are negated by other pleadings, depositions, answers to interrogatories, affidavits, or other evidence presented by the party moving for summary judgment. Id. (citation omitted). Thus, the party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. Scott Oil Co. v. Indiana Dep't of State Revenue, 584 N.E.2d 1127, 1128 (Ind. Tax Ct. 1992) (citation omitted). Once the movant makes such a showing, the opposing party may not rest on its pleadings, but must then demonstrate the existence of a genuine issue for trial. Id.
[9] A material fact is one that may be dispositive of the case. Id. at 1129. A genuine issue is raised when a material fact is in dispute or when the reasonable inferences following from the undisputed material facts conflict. Id.
[10] The Commerce Clause provides in relevant part that Congress shall have the power "[to] regulate Commerce . . . among the several States[.]" U.S. CONST. art. I, § 8, cl. 3.
[11] WJ did not discuss its Commerce Clause claim during the September 2006 hearing before this Court. (See Oral Argument Tr.)
[12] Indiana's use tax is primarily designed to reach out-of-state sales of tangible personal property that is subsequently used in Indiana; thus, its purpose is to prevent the erosion of the state's tax base when its residents make purchases in other states. Rhoade v. Indiana Dep't of State Revenue, 774 N.E.2d 1044, 1047 (Ind. Tax Ct. 2002).
[13] In its brief, WJ's Commerce Clause analysis utilizes the four-part test set forth in Complete Auto Transit, Inc. v. Brady, 430 U.S. 274, 279, 97 S.Ct. 1076, 1079, 51 L.Ed.2d 326 (1977), reh'g denied. That test provides that "a state tax will survive a Commerce Clause challenge if the tax (1) is imposed on an activity with a substantial nexus with the taxing state, (2) is fairly apportioned, (3) does not discriminate against interstate commerce in favor of local commerce, and (4) is fairly related to services the state provides." Indiana-Ky. Elec. Corp. v. Indiana Dep't of State Revenue, 598 N.E.2d 647, 656 (Ind. Tax Ct. 1992) (citations omitted).

Having asserted that the Department's imposition of sales tax against the lease payments violated the third prong of the Complete Auto test (see Pet'r Resp. Br. at 6), WJ bore the burden of demonstrating that the imposition of sales tax against the lease payments somehow provided a direct commercial advantage to local business over interstate business. See Rhoade, 774 N.E.2d at 1050. WJ provided no such analysis, and the Court therefore need not address the issue any further.
[14] Nevertheless, the Court directs the Department to refund to WJ the $4,170.87 (plus applicable interest) it initially determined was non-refundable. See fn. 3, supra. Indeed, after applying the $10,062.71 credit against WJ's 1996 tax liability, the Department was then required to apply the balance beyond the offset to either WJ's 1995 or 1997 tax liability. See IND. CODE ANN. § 6-8.1-9-2 (West 1995).