ATTORNEY FOR PETITIONER:
**BRETT J. MILLER**
BINGHAM GREENEBAUM DOLL LLP
Indianapolis, IN

ATTORNEYS FOR RESPONDENT:
**GREGORY F. ZOELLER**
ATTORNEY GENERAL OF INDIANA
**EVAN W. BARTEL**
**JESSICA R. GASTINEAU**
DEPUTY ATTORNEYS GENERAL
Indianapolis, IN

**FILED**

Apr 29 2016, 1:53 pm

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# INDIANA TAX COURT

HAMILTON SOUTHEASTERN )
UTILITIES, INC., )
)
    Petitioner, )
)
      v. )   Cause No. 49T10-1210-TA-00068
)
INDIANA DEPARTMENT OF )
STATE REVENUE, )
)
    Respondent. )

---

## ORDER ON PETITIONER'S MOTION FOR PARTIAL SUMMARY JUDGMENT

---

**FOR PUBLICATION**
**April 29, 2016**

WENTWORTH, J.

Hamilton Southeastern Utilities, Inc. challenges the Indiana Department of State Revenue's assessment of Indiana's utility receipts tax (URT) on connection fees it collected during the 2006, 2007, and 2008 tax years (the years at issue). This matter is currently before the Court on Hamilton Southeastern's motion for partial summary judgment, which presents one issue: whether the amount of Hamilton Southeastern's nontaxable connection fees is subject to URT because it was not separated from its taxable receipts on its returns. The Court finds that the amount of Hamilton

Southeastern's connection fees was separated from taxable receipts on its returns.

## FACTS AND PROCEDURAL HISTORY[1]

In October 2012, Hamilton Southeastern initiated an original tax appeal challenging the Department's proposed URT assessments on, among other things, receipts from its connection fees. In that appeal, Hamilton Southeastern claimed that its connection fees were not subject to the URT under either Indiana Code §§ 6-2.3-1-4 or 6-2.3-3-10.[2] The Department argued that Hamilton Southeastern's connection fees were taxable gross receipts not only under those statutes, but also under Indiana Code § 6-2.3-3-2.

In August of 2015, this Court issued an opinion regarding the parties' cross-motions for summary judgment in which it found that Hamilton Southeastern's connection fees were not gross receipts subject to the URT under either Indiana Code §§ 6-2.3-1-4 or 6-2.3-3-10. See Hamilton Se. Utilities, Inc. v. Indiana Dep't of State Revenue, 40 N.E.3d 1284, 1287-89 (Ind. Tax Ct. 2015) (explaining that the connection fees were not gross receipts under Indiana Code § 6-2.3-1-4 because they were not received in consideration for the retail sale of utility services for consumption and were

---

[1] Portions of the parties' designated evidence are confidential. Consequently, this order will provide only the information necessary for the reader to understand its disposition of the issues presented. See generally Ind. Administrative Rule 9.

[2] Indiana Code § 6-2.3-1-4 provides that "gross receipts" means "anything of value, including cash or other tangible or intangible property, that a taxpayer receives in consideration for the retail sale of utility services for consumption before deducting any costs incurred in providing the utility services." IND. CODE § 6-2.3-1-4 (2006). Indiana Code § 6-2.3-3-10 defines "gross receipts" to include those received in exchange for the "installation, maintenance, repair, equipment, or leasing services provided to a commercial or domestic consumer that are directly related to the delivery of utility services to the commercial or domestic consumer or the removal of equipment from a commercial or domestic consumer upon the termination of service." IND. CODE § 6-2.3-3-10 (2006).

not gross receipts under Indiana Code § 6-2.3-3-10 because they were not directly related to the delivery of sewage utility services to the utility service consumer). With respect to the taxability of the connection fees under Indiana Code § 6-2.3-3-2, the Court explained that the designated evidence did not indicate that Hamilton Southeastern separated the amount of its connection fees from its taxable receipts on its records, but that there was a genuine issue of material fact whether the amount was separated on its returns. Id. at 1289-90.

Now, Hamilton Southeastern is before the Court, having filed a motion for partial summary judgment, to resolve this remaining issue. The Department filed its response in opposition to Hamilton Southeastern's motion on November 20, 2015. The Court held a hearing on Hamilton Southeastern's motion on February 17, 2016. Additional facts will be supplied if necessary.

## STANDARD OF REVIEW

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). When reviewing a motion for summary judgment, the Court will construe all properly asserted facts and reasonable inferences drawn therefrom in favor of the non-moving party. See Scott Oil Co. v. Indiana Dep't of State Revenue, 584 N.E.2d 1127, 1128-29 (Ind. Tax Ct. 1992).

## ANALYSIS

Hamilton Southeastern argues that its connection fees are not taxable under Indiana Code § 6-2.3-3-2 because they were separated from taxable receipts on its URT returns (i.e., its Forms URT-1). (See, e.g., Hr'g Tr. at 7-8.) As support for its

3

argument, Hamilton Southeastern designated, among other things, its Forms URT-1 for the years at issue.[3] (See Pet'r Des'g Evid., Aff. of A. Bradley Mares ("Mares Aff.") at Ex. A.)

In reviewing these forms, the Court notes that Hamilton Southeastern was required to provide its "taxable receipts" received from the "retail sale of utility services" on line one of its Forms URT-1. (See Mares Aff., Ex. A at 1-3.) This necessarily required Hamilton Southeastern to have separated the amount of its nontaxable connection fees from its taxable receipts. Moreover, the designated evidence showed that the amount of the connection fees was not reported as taxable receipts by Hamilton Southeastern. (Compare Resp't Des'g Evid., Ex. A at 35 with Mares Aff., Ex. A at 1-3.) Thus, the Court finds that Hamilton Southeastern did separate the amount of its connection fees from its taxable receipts reported on line one of its Forms URT-1.

Nonetheless, the Department claims that Hamilton Southeastern did not satisfy the requirements of Indiana Code § 6-2.3-3-2 because the statute requires taxpayers to separately state both their taxable and nontaxable receipts on their returns. (See Hr'g Tr. at 17-20, 31-32, 37-38.) Indiana Code § 6-2.3-3-2 states that receipts "that would otherwise not be taxable under [the URT] are taxable . . . to the extent that the amount of the nontaxable receipts are not separated from the taxable receipts on the records or returns of the taxpayer." IND. CODE § 6-2.3-3-2 (2006). This plain language does not

_____

[3] Hamilton Southeastern also designated evidence to show that the amount of its connection fees was separated from taxable receipts on its records. (See Pet'r Des'g Evid., Aff. of Robert Butler at Exs. A, B-1, B-2.) The Court will not consider this evidence, however, because it previously determined that Hamilton Southeastern failed to rebut the Department's designated evidence that showed that Hamilton Southeastern's connection fees were not separated from taxable receipts on its records. See Hamilton Se. Utilities, Inc. v. Indiana Dep't of State Revenue, 40 N.E.3d 1284, 1289-90 (Ind. Tax Ct. 2015).

require a taxpayer to provide both the amount of nontaxable and taxable receipts on a Form URT-1; instead, it merely requires the taxpayer to show on the return that the amount of nontaxable receipts has been separated from the amount of taxable receipts. See id. Accordingly, the Department asks the Court to read an additional element (reporting both nontaxable and taxable receipts on the return) into the statute that the Legislature did not require. See DeKalb Cnty. E. Cmty. Sch. Dist. v. Dep't of Local Gov't Fin., 930 N.E.2d 1257, 1260 (Ind. Tax Ct. 2010) (explaining that when the language of a statute is clear and unambiguous, the Court may not expand or contract the meaning of a statute by reading language into it to correct any supposed omission or defects). Moreover, because the Department did not provide a line on the return to identify the amount of nontaxable receipts, the Department's own Forms URT-1 agree with the Court's finding today. See IND. CODE § 6-8.1-3-4 (2006) (granting the Department "the sole authority to furnish forms used in the administration and collection of the listed taxes"[4]) (amended 2009). (See also Mares Aff., Ex. A at 1-3 (indicating that there is no line for a taxpayer to provide its nontaxable receipts).)

## CONCLUSION

Hamilton Southeastern's connection fees are not subject to the URT because it has satisfied the requirements of Indiana Code § 6-2.3-3-2. The Court therefore

---

[4] Indiana's URT is a "listed tax." See IND. CODE § 6-8.1-1-1 (2006) (amended 2007).

5

GRANTS summary judgment in favor of Hamilton Southeastern and against the Department.

SO ORDERED this 29th day of April 2016.

_____

Martha Blood Wentworth
Judge, Indiana Tax Court

DISTRIBUTION:  Brett J. Miller, Evan W. Bartel, Jessica R. Gastineau